Perez-Hernandez v. Holder

BIA
Montante, IJ
A098 927 893
A088 935 072

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand thirteen.

PRESENT:
> JON O. NEWMAN,
> REENA RAGGI,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

OSCAR UBALDO PEREZ-HERNANDEZ, FELIZA
TINOCO GRANADO,
> *Petitioners,*

> v.                                            12-2779
>                                               NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Anne E. Doebler, Buffalo, New York.

FOR RESPONDENT:          Stuart F. Delery, Principal Deputy
                         Assistant Attorney General; Paul
                         Fiorino, Senior Litigation Counsel;

**Zoe J. Heller, Trial Attorney,
Office of Immigration Litigation,
United States Department of Justice,
Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Oscar Ubaldo Perez-Hernandez, a native and citizen of Guatemala, and his wife Feliza Tinoco Granado, a native and citizen of Nicaragua, seek review of a June 15, 2012, decision of the BIA affirming the September 10, 2010, decision of Immigration Judge ("IJ") Philip J. Montante, which pretermitted Perez-Hernandez's application for asylum as untimely and denied his applications for withholding of removal and relief under the Convention Against Torture ("CAT").[1]  *In re Oscar Ubaldo Perez-Hernandez,* Nos. A098 927 893 & A088 935 072 (B.I.A. June 15, 2012), *aff'g* Nos. A098 927 893 & A088 935 072 (Immig. Ct. Buffalo Sept. 10, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

---

[1] Perez-Hernandez included Tinoco Granado as a derivative asylum applicant.

We consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Under 8 U.S.C. § 1158(a)(3), no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under § 1158(a)(2)(B) unless a petition raises a constitutional claim or question of law. *See id.* § 1252(a)(2)(D). Although Perez-Hernandez's challenge to the agency's pretermission of asylum raises a question of law – whether incidents of alleged harm occurring after an application is filed may constitute "changed circumstances" to excuse the application's untimeliness – we decline to consider this argument because he failed to raise it before the agency. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007). Accordingly, as Perez-Hernandez has failed to raise a justiciable question of law or constitutional claim, we dismiss the petition in part as to asylum.

For applications such as Perez-Hernandez's, governed by the amendments to the Immigration and Nationality Act

3

imposed by the REAL ID Act of 2005, the agency "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes the applicant is not credible." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (emphasis in original) (*citing* 8 U.S.C. § 1158(b)(1)(B)(iii)); *see also* 8 U.S.C. § 1231(b)(3)(C) (applying the § 1158(b)(1)(B)(iii) standard to withholding of removal). This Court defers to agency credibility determinations "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Here, substantial evidence supports the agency's adverse credibility determination. In his brief, Perez-Hernandez fails to meaningfully contest the agency's broad finding that his testimony was incredible because his application omitted facts material to his claim – the continued threats by gang members after he fled Guatemala City. Rather, Perez-Hernandez contends that he provided reasonable explanations for specific inconsistency and omission findings – for example, although his testimony

4

contradicted Tinoco Granado's whether gang members entered his home, they may have been discussing different events, and although his application failed to mention his testimony that gang members "spray[ed his] parents' house with gunfire," his application mentioned generally that he was "threatened." However, these explanations are insufficient to compel the conclusion that his testimony was credible, as the omissions and inconsistencies were materially related to his claim. *Cf. Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

To the extent Perez-Hernandez contends that the agency's adverse credibility determination was not ripe for review, that contention lacks merit because the agency's determination was a dispositive basis for denying his applications for relief. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. As the only evidence of a threat to Perez-Hernandez's life or freedom depended upon his credibility, the agency did not err in denying withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005). Given our disposition in this case, we decline to reach

5

Perez-Hernandez's additional arguments. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk